UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| KIMBERLY ANN EDMONDSON | § | Case No. 8:12-09655-KRM |
| | § | |
| Debtor(s) | § | |

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on     . The undersigned trustee was appointed on     .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Angela Stathopoulos_____
                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit A

| Case No: | 12-09655 | KRM | Judge: | K. Rodney May | Trustee Name: | Angela Stathopoulos |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | KIMBERLY ANN EDMONDSON | | | | Date Filed (f) or Converted (c): | 06/22/2012 (f) |
| | | | | | 341(a) Meeting Date: | 07/27/2012 |
| For Period Ending: | 11/06/2013 | | | | Claims Bar Date: | 10/18/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 4425 BENT TREET BLVD., SARASOTA, FL 34241;, LOT  surrendering home | 187,500.00 | 0.00 | | 0.00 | FA |
| 2. CASH ON HAND | 20.00 | 0.00 | | 0.00 | FA |
| 3. ING DIRECT XXX5266; XXX5444; XXX8665  Imported from original petition Doc# 1 | 0.09 | 0.09 | | 0.00 | FA |
| 4. SUNTRUST CHECKING ACCT XXX5965  Imported from original petition Doc# 1 | 7.07 | 7.07 | | 0.00 | FA |
| 5. SUNTRUST CHECKING ACCOUNT XXX8790  Imported from original petition Doc# 1 | 8.95 | 8.95 | | 0.00 | FA |
| 6. ACHIEVA CREDIT UNION XXX2649S1  Imported from original petition Doc# 1 | 9.03 | 9.03 | | 0.00 | FA |
| 7. ACHIEVA CREDIT UNION CHECKING XXX2649S28  Imported from original petition Doc# 1 | 14.56 | 14.56 | | 0.00 | FA |
| 8. TD AMERITRADE XXX4338  Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 9. HOUSEHOLD GOODS  based on appraisal | 1,382.00 | 2,618.00 | | 0.00 | FA |
| 10. MISC. DECORATIONS, FAMILY PHOTOS | 50.00 | 0.00 | | 0.00 | FA |
| 11. MISC. WOMEN'S CLOTHING  based on appraisal | 75.00 | 0.00 | | 0.00 | FA |
| 12. MISC COSTUME JEWELRY  based on appraisal | 100.00 | 0.00 | | 0.00 | FA |
| 13. (2) BIKES | 20.00 | 0.00 | | 0.00 | FA |

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

FORM 1
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES**

Exhibit A

| Case No: | 12-09655 | KRM | Judge: | K. Rodney May | Trustee Name: | Angela Stathopoulos |
| Case Name: | KIMBERLY ANN EDMONDSON | | | | Date Filed (f) or Converted (c): | 06/22/2012 (f) |
| | | | | | 341(a) Meeting Date: | 07/27/2012 |
| For Period Ending: | 11/06/2013 | | | | Claims Bar Date: | 10/18/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Est Net Value<br>(Value Determined by<br>Trustee, Less Liens,<br>Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered (FA)/<br>Gross Value of Remaining<br>Assets |
| 14. STATE FARM LIFE INSURANCE | 0.00 | 0.00 | | 0.00 | FA |
| 15. MAJOR LEAGUE BASEBALL, QDRO PENSION BENEFIT - SI | 0.00 | 0.00 | | 0.00 | FA |
| 16. MAJOR LEAGUE BASEBALL, QDRO PENSION BENEFIT - SI | 0.00 | 0.00 | | 0.00 | FA |
| 17. ALIMONY $2250.00 PER MONTH CHILD SUPPORT $600.00 | 0.00 | 0.00 | | 0.00 | FA |
| 18. R.N. LICENSE | 10.00 | 0.00 | | 0.00 | FA |
| 19. 2008 MAZDA 3 W/ 57,000 MILES KBB VALUE - $9,257.<br><br>trustee value based on appraisal; lien amount based on reaff agreement (dkt #15) (PROOF PROVIDED THAT DOWN PAYMENT GIFT FROM FATHER TO SON- D ONLY HAS BARE LEGAL TITLE | 9,257.00 | 5,015.00 | | 0.00 | FA |
| 20. 2003 GMC YUKON W/ 200,000 MILES KBB VLAUE<br><br>appraised; owned free and clear; auctioned | 4,484.00 | 136.00 | | 3,500.00 | FA |
| 21. CAT; 3 DOGS | 5.00 | 0.00 | | 0.00 | FA |
| 22. 2012 TAX REFUND (u)<br><br>2012 TR of $518 with no EIC (173/365) 47.40% | 0.00 | 0.00 | | 245.53 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)        $202,942.70        $7,808.70            $3,745.53        $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

**UST Form 101-7-TFR (5/1/2011)** *(Page: 4)*

Memo sent Sosnowski for appraisal--07/30/12***Email to Sosnowski re status of appraisal--09/12/12***Appraisal completed and report to be sent--09/13/12***Draft buyback prepared and email to D atty re additional docs necessary--1/31/13***docs rec'd & BB in prep--2/14/13***BB email sent to D atty for $5414.70 payable over 6mos. beg 5/2 ad to send FD bank balances and copy of 2012 TR; AS to pay appraiser upon receipt of payment--4/9/13***Email agreeing to surrender of GMC to pay off BB owed Estate & D to send 2012 TR ($518 with no EIC); email to TMA that vehicle to be dropped off with instructions to D to advise TMA of bankruptcy case--4/19/13***rec'd copy of 2012 TR showing $518 TR; vehicle delivered to TMA--5/15/13***Additional email to D w/ demand for 2012 TR copy & email to D atty; TR only remaining asset to administer--7/16/13***Email to D and D atty to send $245.53 portion of TR in order to close case--7/17/13***Final TR pymt rec'd--7/23/13

Exhibit A

Initial Projected Date of Final Report (TFR): 04/01/2013        Current Projected Date of Final Report (TFR): 11/01/2013

FORM 2
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-09655
Case Name: KIMBERLY ANN EDMONDSON
Taxpayer ID No: XX-XXX0195
For Period Ending: 11/06/2013

Trustee Name: Angela Stathopoulos
Bank Name: The Bank of New York Mellon
Account Number/CD#: XXXXXX2761
Checking
Blanket Bond (per case limit): $51,212,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 06/20/13 | 20 | Tampa Machinery Auction, Inc. | 2003 GMC Yukon sold at auction per RNS dated 4/30/13 | 1129-000 | $3,500.00 | | $3,500.00 |
| 07/08/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,490.00 |
| 07/15/13 | 101 | SOS Appraisals, Inc. SOS Appraisals, Inc. 11758 78th Terrace Seminole, FL 33772 | Appraiser fees | 3711-000 | | $225.00 | $3,265.00 |
| 07/15/13 | 102 | TAMPA MACHINERY AUCTION, INC. P.O. Box 291069 Tampa, FL 33687-1069 | Auctioneer Fees/Expenses | | | $460.75 | $2,804.25 |
| | | TAMPA MACHINERY AUCTION, INC. | Auctioneer Fees ($350.00) | 3610-000 | | | |
| | | TAMPA MACHINERY AUCTION, INC. | Auctioneer Expenses ($110.75) | 3620-000 | | | |
| 07/23/13 | 22 | R. John Cole, II P.A. | 2012 Tax Refund | 1224-000 | $245.53 | | $3,049.78 |
| 08/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,039.78 |
| 09/09/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,029.78 |
| 10/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,019.78 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $3,745.53 | $725.75 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $3,745.53 | $725.75 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $3,745.53 | $725.75 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*                Page Subtotals:           $3,745.53           $725.75

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX2761 - Checking | $3,745.53 | $725.75 | $3,019.78 |
| | $3,745.53 | $725.75 | $3,019.78 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $3,745.53 |
| Total Gross Receipts: | $3,745.53 |

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 8:12-09655-KRM
Case Name: KIMBERLY ANN EDMONDSON
Trustee Name: Angela Stathopoulos

Balance on hand $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 2 | SunTrust Bank | $ | $ | $ | $ |

Total to be paid to secured creditors $_____

Remaining Balance $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Angela Stathopoulos | $ | $ | $ |
| Trustee Expenses: Angela Stathopoulos | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

   The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

   Timely claims of general (unsecured) creditors totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be   percent, plus interest (if applicable).

   Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American Infosource Lp As Agent For | $ | $ | $ |
| 3 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 4 | Us Dept Of Education | $ | $ | $ |
| 5 | Us Dept Of Education | $ | $ | $ |
| 6 | Fsb American Express Bank | $ | $ | $ |

   Total to be paid to timely general unsecured creditors    $_____

   Remaining Balance    $_____

   Tardily filed claims of general (unsecured) creditors totaling $   have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be   percent.

   Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE